Mr. Tocini? Good morning, Your Honor. Doesn't get any easier this morning. May it please the Court, the trial court committed three reversible errors. First, the trial court should have dismissed this matter for lack of jurisdiction once the entries were deemed liquidated as a matter of law. Second, the trial court erroneously... But they were never actually liquidated. They were liquidated as a matter of law, Your Honor, under... Deemed. You're going to stick with the deemed, but just so we all know. Yes, Your Honor. So both parties were kind of operating under the laws, they understood it at the time, which is there was an injunction in place, we're going to honor the court's processes, right? Yes, and... You did that, they did that, everybody did that. And we continue to honor that process up until today. However, we respectfully disagree with that process. Yeah, you're going to tell us they should have filed a TRO, but you were consenting to that process as well. You didn't see any need for a TRO at the time. At the time, we did not, because that was not... Of course, international trade doesn't come out until a year later. That's correct. International trading came out in 2005, but it construed a statute that was enacted in 1994. And under the Supreme Court precedent we noted in our brief, when the court describes the meaning of a statute, that is the meaning going back... Well, if we're going to look at... Excuse me. ...implications here, does that take us to the Princess Cruz's line of cases from the Supreme Court? Then we're talking about fair notice, reasonable reliance, and expectations. And it seems like both parties' expectations here were that there was nothing that needed to be done. That you were both going to honor the court's processes, you both expected that things would proceed that way, and it's only later that those expectations change. When they have no fair notice to have filed a TRO, doesn't Princess Cruz cut in their favor? Your Honor, I'm not familiar with that particular holding in Princess Cruz's line. However, the most important issue here is that the government cannot waive arguments against jurisdiction based upon its present-sense impression of the court's jurisdiction. Jurisdiction is an issue that must be determined by the court itself. But the CIT here says the parties consented to a preliminary injunction. That's correct. At the get-go. He's not talking about once he granted the plaintiff's motion. Is he wrong about that? Did the government not consent? No, the government consented to the issuance of an injunction that would last until the completion of the trial court proceeding. Right. And that's ultimately what happened. So now you're coming in and you're saying that injunction wasn't in effect. As I understand it, your argument here is that the deemed liquidation occurred before the injunction went into effect. That's correct. But you're saying your consenting to an injunction prior that time still means that the injunction wasn't in effect. That's absolutely true. And under the anti-dumping duty statute, 19 U.S.C. 1516A, paragraph B, or excuse me, paragraph C, it states unless such liquidation is enjoined by the court under paragraph 2, entries shall be liquidated. So what if—can customs run in and liquidate the entries before the importer's 30-day window to file an appeal has run? In theory, yes. However, in practice, that is not what occurs. You mean because you're being nice or what? Yes. Customs practice is still— I mean you're saying in theory what you're really saying is you have the right to do that if you decide to play hardball. Is that your position? And you want us to constitute the statute in a way that gives you that right. No, because that issue is not before the—currently before the court. What is before the court is whether an eight-month lag time between the issuance of a final determination— No, what's before the court is under the statutory language you referred to, whether or not, no matter what, there has to be an injunction in place. And if there's no injunction in place, customs can do whatever it wants when it wants, including before the party has an opportunity to file an appeal. Yes, but in practice that would not occur because the Department of Commerce issues liquidation instructions, and customs still does not act until it receives those specific instructions from the Department of Commerce. And those instructions are also generally made public, and they are available to the parties. So the parties will have noticed that something is happening. And if Commerce were to issue liquidation instructions, the parties would have time to go into court and seek a TRO. How do we know that? How do we know that? I mean if they issue instructions—how much time do they have if they issue their instructions? Well, customs—it takes a while for instructions that are reached by customs headquarters to make it to the ports, and customs only liquidates entries one day a week. So there is time in between where an importer could obtain a TRO. And as the court noted, we at the Department of Justice do generally consent to preliminary injunctions, and the reason we do is to prevent irreparable harm without consenting to any argument concerning the merits. Let me ask you this question hypothetically and change the facts of this case a little bit. So suppose that when the parties submitted the report of their conflicts to the trial judge, the trial judge says, well, I will then plan to enter an injunction. It will last until the end of the proceedings before me, and then I'll revisit the question of whether it should be extended beyond that, which was ultimately what he did was to enter the full injunction, I guess. But in any event, suppose he had said, I will plan to enter an injunction. And because of a slip-up between the judge's chambers and the clerk's office or whatever, the actual piece of paper entering the injunction never got signed. Would your position be the same, no injunction, therefore deemed liquidation, even though everybody at the time was under the understanding that there would be an effective injunction? Then the court would – obviously that fact's not before the court. We'd have to look at the express language of the statute because injunctions and anti-dumping duty cases are governed by the statute. So Section C.1 states, unless such liquidation is enjoined by the court under Paragraph 2, and Paragraph 2 states that the court has discretion to enjoin some or all entries that are subject to a case so long as relief should be granted under the circumstances. And the court would have to construe that to determine whether – when that particular injunction issued by the court would be in effect. I attempted at least to incorporate that into my hypothetical so we could skip all this predicate material. The question is the injunction is not actually entered, but it's plain that the trial judge intended to enter an injunction. Your position sounds to me like you're heading down the road of saying, sorry, they lose because the injunction actually wasn't entered. Is that your position? Yes. In that case, it appears that because there's no injunction, there's – then, yes, the plaintiffs would probably lose in that case. Do you feel comfortable with that? That's a policy question that needs to be left to Congress. And when Congress enacted the deemed liquidation statute and set up this entire system, Congress made its reasoned judgment that it was going to provide a backstop. And after six months, entries would be treated as liquidated at the rate asserted at the time of entry, the cash deposit rate in this case. An injunction, of course, is an equitable remedy, and there's an old maxim of equity that equity regards as done that which should be done. In other words, if the judge has fully expressed intention to enter an injunction, why shouldn't one deem the injunction to have been entered as of the time that the judge expressed that intention, as opposed to saying, ah, didn't dot the I and didn't cross the T, and therefore no injunction? Well, the – Again, addressing first my hypothetical. The reason would be is that this is a jurisdictional issue, and the Supreme Court's case in Bowles, and we really would foreclose such an argument. We filed a Rule 28J letter on Wednesday concerning that case. If the court has not received it, I don't think the Supreme Court has. No, we haven't. I really don't think that's this case, but that's another matter. But focusing on the question of whether we should regard the injunction as, in effect, having been entered, notwithstanding that the paperwork was not fully completed. Well, no. The reason in this case would be the entries were deemed liquidated on December 16, 2003. The six-month period ran on December 16, 2003. It wasn't until January of 2004 that the court held oral arguments. So the court hadn't come to any final judgment concerning what it would issue. With respect to the tail end of the injunction, there was no question in anybody's mind, including yours as far as anything we have on the record reflects, as to the propriety of the injunction pending the disposition in the court of international trade, correct? The government and the plaintiffs had agreed that an injunction would issue with respect to just the duration of the trial court period. Right. So yes is the answer. You fully anticipated and had no objection to the entry of that form of injunction at least. Right. The only dispute was as to the tail end extension of the injunction, correct? Correct. Dispute between the parties. Correct? Yes. Or yes or no? You can just tell me yes or no. The dispute between the parties, yes. But there's no evidence on the record as to what the court thought. And that's what's important is whether the court has conducted a detailed analysis of the four factors for a preliminary injunction and whether the court has determined that any injunction should issue. There are cases where we consent to injunctions and the court nevertheless denies the motions for a preliminary injunction. The court has to make its own independent assessment of the four factors. Well, what the court said was all the parties consented to a preliminary injunction and no party denies the plaintiffs have established their right to a preliminary injunction. And then it goes on to talk about the fact that the parties have a dispute about the length. Why isn't that sufficient? Because that was in SKF 1. And in SKF 1, that was issued two months after the December 16th expiration of the six-month period. At that time, there's nothing on the record concerning the court's views. If the court here were to somehow determine when the trial court first believed that an injunction would be appropriate, that would be a totally unworkable test. But you consented to the preliminary injunction through the whole length of the proceedings, right? We consented to a preliminary injunction through the trial court proceeding. And the issue was, in our minds— And did any party deny that plaintiff had established their right to a preliminary injunction, at least with respect to that period of time? No. No party. No party had denied that. However, I wish to add that one very serious problem with basically deciding that there is a de facto injunction against the government from the moment the government consents to partial relief is that what if the court later on denies the motion for an injunction, as happens when there is—even when there's consent among all parties? Has the government—is the government in contempt if it somehow violated a de facto injunction that's never been issued? No. The trial court needs to actually issue an injunction as stated in the statute. And SKF knew that the deemed liquidation issue was there. This court in Green found deemed liquidations that were adverse to an importer. This court in International Trading 2 had made very clear the inflexible nature of the deemed liquidation statute. Likewise, the very same trial court was hearing the case below for International Trading 3 at about the same time that all of these proceedings were going on. So the whole issue of whether the government's actions in this case somehow resulted in consenting to jurisdiction just makes no sense. I'd like to reserve the rest of my time. Thank you, Mr. Cassini. If you could give Mr. Shelley 16 minutes. May it please the Court. I'd like to start with the last point Mr. Cassini said. SKF did not know that there was a deemed liquidation issue in 2003 when this was being considered by the trial court. International Trading 3, which is the basis of his use of the deemed liquidation proceeding, now did not exist at that time. Well, no. I don't think he – I didn't interpret him to mean that you knew that international trading – the international trading rule was already in place. But nonetheless, just that you knew that that issue was out there, and you had as much access to the question of whether there would ultimately be a hard and fast six-month from notice rule. And that's what we ended up with. Yes, Your Honor. You're correct. But at that time, the six-month period was not being triggered by the publication date of a final commerce determination. Right. As a matter of practice. As a matter of practice, it was – Over the government's objection, actually. I would argue now that the international trading 3 decision and the Bowles decision that Mr. Cassini sent to us actually, I think, supports the argument that it is not a jurisdictional decision. But, Mr. Shelley, we have a pretty firmly established legal principle that when we construe a statute, it is as if that statute had always had that construction, even if it apparently changes expectations. Why doesn't that rule cut very heavily against you? Well, Your Honor, I would say that international trading 3 is a promulgated rule of the court. And it can be relaxed, and equitable relief can be given to it. It's not a jurisdictional issue that's mandated by the statute. There is nothing in the anti-dunking law that required the court to issue a determination that the trigger date for lifting the suspension of liquidation at the beginning of deemed liquidation— Well, but I think his point is that if it's deemed liquidated, the entry disappears, and therefore there would be no jurisdiction for further proceedings relative to that entry. So that while the liquidation date itself is not a jurisdictional trigger, it has the effect thereof because it affects whether the entry or the res of the matter indeed remains in play. Two points, Your Honor. One is that I believe that the court—the international trading in the Bowles decision gives the court the opportunity to decide that there is, in effect, a de facto injunction in place. So it allows the court to move the trigger date. More importantly, though, these entries were not liquidated. Customs did not notify SKF, and still has not notified SKF, of any liquidation of these decisions consistent with the Norse Quidro requirements and the Customs Owned Regulations, which even for deemed liquidation require notification of the parties so that the parties are aware when their protest rights time period is triggered. That never happened in this case. And it didn't happen in this case because at that time, that was not an issue before the case. The parties had consented to the injunction. The judge had another advisement. The only reason that it was issued eight months afterwards rather than six months afterwards was to litigate an issue raised by the government as to the duration of the injunction itself. So we would argue that the entries have never been liquidated and are still under the jurisdiction of the court for during the entire trial process. And let me ask you, then, you mentioned protest. Downstream, suppose you lose here. Do you have, you think, a remedy through the protest mechanism? We would have a remedy if the court determines, agrees with the lower court, that the entries have not been liquidated. And if they are eventually liquidated and there is a reason to protest the liquidation instructions at that time, we could do so. Well, when they're deemed liquidated, you seem to be arguing that that doesn't really mean that they're liquidated until you get notice. I would argue that the amount due has been determined. It would be the amount declared on the entry. But the process to actually liquidate and assess duties has not been completed. And so far, the entries are still open. Mr. Shelley, with so much at stake, why didn't you file a TRO? At that time, Your Honor, there was no reason to file a TRO. We filed the notice, the appeal on a timely basis consistent with statutory provisions. We filed the motion for a preliminary injunction consistent with the timing requirements of the Court of International Trade. And there was no indication at that time that the liquidation issue was even before the court. The timing wasn't in your hands. That was in the hands of the judge. Absolutely, Your Honor. We were following the law as it was in effect at the time and the procedures that were in effect in the court at the time. And the judge had control of his calendar. He knew what was happening at the time and what the status was of the request for the injunction as filed at the end between the parties. De facto injunctions like de facto or non-crotonque or constructive anything in the law is problematical, partly for one of the reasons being the reason that Mr. Ticini gave, which is an injunction and imposes on parties subject to it the potential of a contempt action. And if you later decide that something that didn't exist actually was existing somewhere in the ether, that creates a real problem for something like a contempt sanction. What is your best authority for the proposition that we should deem there to have been an injunction in place at the time before Judge Wallach entered his injunction? As you mentioned earlier, injunction is an equitable remedy. And I think the analogy to his de facto injunction as he writes it in the opinion is that he was granting an equitable injunction during that period or he determined that one was in effect until the actual one was actually signed by him. And so we would argue that that is the basis behind his use of the word de facto and the reason he considered injunction to have been in place. The control of the case had moved out of the hands of the Commerce Department. They were no longer responsible for the entries. Everything involved in that case was under the jurisdiction of the Court of National Trade at that time. And the judge had the decision to make about what was in effect at the time. I think when this issue was raised at the very last minute after three to four years of litigation in this case, he looked back at the situation and used his equitable powers to consider that the injunction had been in place from the time he received the case. At the time, as opposed to what he said later, what did he say or do at the time that is your best evidence of his intention to put in place some form of equitable relief at the time that you came to the judge? I think, Your Honor, the evidence on the record shows the judge's intent. Give me chapter and version. When the motion was filed, the Dean of the Coalition motion, we had a lengthy hearing at the court in which he expressed his views about the motion itself. Now, that hearing, do we have the contents of that hearing in the record here? There are excerpts from the hearing in the record. There's not the full record itself of the transcript of the hearing, but I can throw excerpts from the hearing in the record. What I'm looking for from you is some indication from the judge, the strongest statement you've got in your arsenal from the judge, coming as close, let's say, to my hypothetical case of the judge having indicated an intention to enter an injunction. Mr. Tessini argued in response to my hypothetical, for example, that we don't know in this case whether the judge would have declined to enter an injunction, notwithstanding the party's agreement to the first half of the injunction. And the court is certainly free not to do that. Do you have anything that you can say in response to Mr. Tessini's point? It was perfectly clear that the judge was going to enter that injunction. It was just a matter of wanting to enter one order as opposed to two, which he ultimately entered, because he entered an order that covered both halves of the period. In our brief, Your Honor, on pages 27 and 28, we have part of a transcript from that hearing in which the judge was expressing his views about the government's position in raising this issue and trying to apply it retroactively. To him, it's almost a Rule of Eleven-type proceeding where he was saying that. But this is after the fact. What I'm looking for is what happened before the December date, or whatever it was, that was the six-month drop-dead date. 2003. Right. There were proceedings before the court before that. Now, when you said the lengthy hearing, you're referring, I guess, to the thing that happened afterwards, right? What was it that happened before December of 2003 that involved the courts directing the parties to have a conference about this and reporting back the extent of their agreement and disagreement? Did the court say anything in the course of those pre-December 2003 proceedings that indicated the court's intention to enter an injunction? There is language in that period, Your Honor, in which the court expressed the fact that he almost didn't even let the motion to determine the length of the injunction go forward. Well, he said that afterwards, right? That was in 2003, though. That was in the first hearing on the motion considering the preliminary injunction. He indicated that, one, in an earlier case, just previously, he had a similar situation where he had granted this particular reason that we had requested, that the injunction extend the duration of all appeals, and that he felt that the motion in our case should not even have been filed. He was giving the government the opportunity to raise another issue. Well, where do we find that? It's in the joint appendix, Your Honor, on page 985. And what's the, this is the, wait a minute, this was a 2006 hearing. May 3rd, yes, this was the. You told me he said something in 2003, and I'm trying to see what you've got from 2003. Let me, I mean, he refers in his decision to a telephonic status conference in St. John's, September 18th, 2003, and then to a subsequent discussion where the defendant decided he was going to challenge it, but he doesn't cite the date. In the status conference, Your Honor, we were discussing the discussions between the Congress Department and SKF about the consent, their consent to the motion for injunction we were filing. And that, it was in that, at that point, that was when the government told us that they did not consent to having the injunction extend beyond the original trial. And the judge at that time, this was discussed before the judge at the, again, the telephonic status conference, where he told us then to, I don't know the exact words, but the impression was that he was inclined to grant the injunction, but that we needed to file with them then briefs on points before. The points being the extent of the injunction as opposed to the question of whether it would be granted pending the CIP. From that point forward, everyone had agreed to the injunction being issued. The extent was not, was not set. Well, the everyone, the question, the $64 question is, did the everyone include the judge? The impression from the hearings and the conference was that, yes, the issue for him. Is there anything on the record from, that, that you can point us to where we, look, here's our problem. It's pretty easy to see what our problem is here. We are being asked, in effect, to say there's an injunction where there manifestly isn't an actual injunction. So, in order to do that, if we're going to go the de facto injunction route, anything you have that says that judge had fully intended to and subscribed to the notion of an injunction, which the parties had agreed to, is, is helpful to your side. Now, if, you know, for you to say to us in the status conference he seemed to be inclined to enter the injunction is not giving me something I can do much with. Is there anything more you have that you can point us to as to where the judge was as of the time of that status conference or anything else during that time period? Not, you know, what happened in the hearing in 2006. Unless the judge in 2006 says, at the time, I fully intended to enter the, the injunction. Now, if you've got that, that would be helpful. Well, in, in this citation I gave you, Your Honor, the judge states that he wants to go back to see the transcript from an earlier, earlier discussion. Because at that time, he felt the government's argument came close to being in bad faith. Because I'd already ruled on the issue, and the government was, in effect, telling me our ruling is wrong, and we've got an appeal going on. I would have to go back to find the transcript from that earlier hearing to, to, to, but clearly, at that point, he was, he was, he was going to issue the injunction. Uh, and, uh, I, I believe there is an evidence in the record. I, I heard, I heard that. Mm-hmm. But, on another, I would, I would also argue that the injunction that did issue was valid because, as we got back before, the only reason there's a question now of whether the injunction was not valid or was a de facto injunction in place is because of this interpretation of International Trading 3 and the triggering of the six-month Section 1504 time limit, uh, from the decision two years after this case was filed. If International Trading 3 were not applied to the deemed liquidation provisions of 1504, it's not an issue of whether there's a valid injunction. The, the injunction did not need to have been physically issued prior to when the judge issued it. The entries were not liquidated. Once the injunction was issued, the loop trial went forward, and the entries have been, have been covered by the injunction since then. So, whether or not there is a de facto injunction argues that there is a valid injunction and that it was not precluded from having been issued because of International Trading 3 and, and the application of it to, to 1504. Thank you, Mr. Shelley. Mr. Giussini, you'll have two minutes. Four very quick points. First, when counsel for SKF was discussing the fact that there was allegedly no statute at issue that would have divested the court of jurisdiction, well, the statute is Article 3 of the Constitution. Once the entries were deemed liquidated, there was no longer a case or controversy. Second is that a policy argument under the de facto injunction construction urged upon the court, the government would necessarily need to oppose every request for an injunction in order to not somehow be liable for contempt under some phantom order that doesn't exist. Third, I wasn't around for the telephonic status conference, so I have no idea what was said, but there is no record of a, of a telephonic status conference on the docket in this case. Well, there's a reference to it in, in several places though, right? So, I think we can conclude that there was such a conference. The problem is what was said by the judge. An off-the-record telephone conference, if a judge utters words during an off-the-record telephone conference, is that an order by which the federal government is bound? Well, that's essentially my hypothetical question. That's what I put to you earlier, that if the judge had said, I intend to enter an injunction, and... The answer is no, but the statute says the court will enter an injunction, will issue an injunction, and the court needs to follow the statute as well. But you didn't follow, you didn't follow the statute. You didn't issue any instructions to liquidate the, the entries because they were deemed liquidated? No, we did not, and that's because the matter was under litigation, and, you know, at this time, all we have is a trial. Well, but if you thought it was jurisdictional, you would have liquidated the entries and then informed the court that the case was moved, right? No, when we learned, when, when International Trading 3 became final and conclusive, that was when we discovered that the injunction in this case had not been issued for eight months. And then we immediately filed a motion to dismiss, as we did in the Barrage case, where it was beneficial to the court. And last... Make your point. Judge Bryson hit the nail on the head when he noted that the court is now being asked to say that there exists an injunction when an injunction manifestly did not exist at the time. Thank you, Mr. Taccini. I think we have your point. Thank you.